IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GLOBAL HAWK INSURANCE COMPANY (RRG),** § § § | |
| **PLAINTIFF,** § § | |
| v. § § | **CAUSE NO. 4:10-CV-780** |
| **USA TRANSPORTATION SERVICES, LLC; STEVEN MOYANO; DERRICK BAILEY, INDIVIDUALLY, ANF ANNIE JOHNSON, AND AS REPRESENTATIVE OF THE ESTATE OF JOHN BAILEY, DECEASED; ARIEL GUTIERREZ; BRANDY GARCES OLIVA; FREDDYS RABASSA GONZALEZ D/B/A IROMY TRANSPORT; AND EFRAIN GUTIERREZ D/B/A E GUTIERREZ TRUCKING** § § § § § § § § § § § § § § § | |
| **DEFENDANTS.** § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Global Hawk Insurance Company (RRG) and petitions this Court for a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, against Defendants USA Transportation Services, LLC; Steven Moyano; Derrick Bailey, Individually and as Next Friend of Annie Johnson and as Representative of the Estate of John Bailey, Deceased; Ariel Gutierrez; Brandy Garces Oliva; Freddys Rabassa Gonzalez d/b/a Iromy Transport; and Efrain Gutierrez d/b/a E Gutierrez Trucking, and, in support thereof, respectfully shows the Court as follows:

## PARTIES

1. Plaintiff GLOBAL HAWK INSURANCE COMPANY (RRG) ("Global Hawk") is a corporation organized as a Risk Retention Group pursuant to 15 U.S.C. § 3901, *et. seq.*,

authorized under the laws of the State of Vermont to transact commercial motor carrier liability insurance, and having its principal place of business in the State of California.

2. Defendant USA TRANSPORTATION SERVICES, LLC ("USA Transportation") is a limited liability company organized and existing pursuant to the laws of the State of Texas with a principal place of business located at 15447 Avenue C, Channelview, Harris County, Texas 77530. The members of USA Transportation are Javier Moyano and Steven Moyano, who are adult citizens and residents of Harris County, Texas.

3. Defendant STEVEN MOYANO ("Moyano") is an adult citizen and resident of Harris County, Texas.

4. Defendant DERRICK BAILEY, INDIVIDUALLY AND AS NEXT FRIEND OF ANNIE JOHNSON AND AS REPRESENTATIVE OF THE ESTATE OF JOHN BAILEY, DECEASED ("Bailey") is an adult citizen and resident of Harris County, Texas. Bailey is also named herein as the representative of the wrongful death beneficiaries of John Bailey in lieu of naming each of them individually in this Complaint.

5. Defendant ARIEL GUTIERRIEZ ("Gutierrez") is an adult citizen and resident of Harris County, Texas.

6. Defendant BRANDY GARCES OLIVA ("Garces") is an adult citizen and resident of Harris County, Texas.

7. Defendant FREDDYS RABASSA GONZALEZ d/b/a IROMY TRANSPORT ("Iromy Transport") is an adult citizen and resident of Harris County, Texas.

8. Defendant EFRAIN GUTIERREZ d/b/a E GUTIERREZ TRUCKING ("Gutierrez Trucking") is an adult citizen and resident of Harris County, Texas.

## JURISDICTION

9. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because this declaratory judgment action arises out of an actual dispute or controversy in which the parties are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

10. This action is brought pursuant to 28 U.S.C. § 2201 in that there is an actual case or controversy regarding the existence and extent of any defense or indemnification obligations owed by Global Hawk to USA Transportation, Moyano, and Bailey, as set forth more fully below.

11. Pursuant to 28 U.S.C. § 2201, Defendants Gutierrez, Garces, Trujillos, Iromy Transport, and Gutierrez Trucking are parties having an interest in the Court's determination as to Global Hawk's obligations pursuant to its policy of insurance.

## VENUE

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that all defendants reside in this judicial district and are residents of the State of Texas.

### I. THE UNDERLYING LAWSUIT AND PETITIONS IN INTERVENTION

13. This action relates to a civil action filed by Bailey's representatives in the 270th Judicial District Court of Harris County, Texas, Cause No. 2018-24745, for his wrongful death as the result of a chain-reaction collision. The First Amended Petition filed in that action is attached hereto as **Exhibit A**.

14. Petitions-in-intervention asserting causes of action against Bailey and others were then filed by Garces, Yadier Mediavilla Trujillos ("Trujillos")[1], and Iromy Transport, which petition is attached hereto as **Exhibit B** (the "Garces Petition"), and by Gutierrez, which petition is attached hereto as **Exhibit C** (the "Gutierrez Petition").

15. On the date in question, Garces was operating a tractor-trailer owned by Iromy Transport with Trujillos as a passenger when the vehicle was struck by a tractor-trailer being operated by Roberto Torres ("Torres"). (Exh. B at ¶ 22).

16. Gutierrez was then forced to veer left when he came upon the Garces vehicle and collided with the Torres vehicle. (Exh. C at ¶ 3.3).

17. At the same time, Bailey is alleged to have struck the rear of Torres' vehicle while in the course and scope of his employment with USA Transportation and/or Moyano. (Exh. B at ¶ 24; Exh. C at ¶ 3.2). Bailey was operating a USA Transportation-owned tractor and a trailer purportedly owned by Moyano at the time of the collision. (*Id*.).

18. The Garces Petition asserts negligence and gross negligence as to Bailey; vicarious liability as to Moyano and/or USA Transportation based on the doctrine of respondeat superior; and negligent entrustment and/or failure to maintain, retain, and inspect the tractor-trailer as to Bailey, Moyano, and/or USA Transportation. (Exh. B at ¶¶ 36-40).

19. The Gutierrez Petition alleges negligence against Bailey; negligent hiring, training, and supervising by USA Transportation, as well as violations of the FMCSR and TMCSR and vicarious liability based on the doctrine of respondeat superior.[2] (Exh. C at ¶ VII).

---

[1] Trujillos was named as a defendant in a related action, Cause No. 4:18-cv-4665, currently pending in this District. Despite best efforts, however, Global Hawk was unable to locate and serve Trujillos in that related action. Therefore, in an attempt to conserve the Court's time and resources, Global Hawk is not naming Trujillos as a defendant herein.

[2] The paragraph heading in the Gutierrez Petition indicates that negligence claims are also being brought against Moyano, although they are not specifically asserted in the body of the pleading.

## II.     THE POLICY

20. Global Hawk issued a policy of insurance (the "Policy") bearing Policy No. TXJ114859 to USA Transportation as the named insured. The Policy, a copy of which (with premium information redacted) is attached hereto as **Exhibit D**, provided Commercial Motor Vehicle Coverage.

21. The Policy has a period of June 9, 2017 through June 9, 2018.

### A.     COVERED "AUTOS" UNDER THE POLICY

22. The Policy provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." (Exh. D).

23. In turn, the Insuring Clause of the Policy under the Truckers Coverage Form provides as follows:

> **SECTION I – COVERED AUTOS**
>
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

(*Id*.).

24. Item Two of the Declarations shows the "autos" that are covered "autos" for each of the coverages. (*Id*.). The numerical symbol for Liability coverage listed on the Policy is "46." (*Id*.).

25. The Policy then provides a chart entitled "Description Of Covered Auto Designation Symbols," which identifies the symbol "46" to include:

| 46 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

(*Id.*).

26. Item Three of the Declarations, in turn, references the "Schedule of Covered Autos You Own," which identifies by VIN number and other descriptors the tractors and trailers that are covered "autos" under the Policy. (*Id.*).

27. The tractor operated by Bailey on the date in question bore VIN number 1FUJA6CV25LU87972 and was not scheduled under the Policy at the time of the collision. (*Id.*). This is because it was deleted from the Policy pursuant to USA Transportation's request for the same, which is attached hereto as **Exhibit E**. In response to the request, Global Hawk issued a general change endorsement, attached hereto as **Exhibit F**, deleting the tractor from the Policy effective January 5, 2018. As such, Bailey's tractor was not a covered "auto" on the Policy at the time of the collision.

28. The Moyano trailer, bearing VIN number 1H2P04828TW021201, is identified on the Policy as a covered "auto" but only when attached to a scheduled "auto":

**SCHEDULE OF COVERED AUTOS YOU OWN**

Policy Number: TXJ114859      Named Insured: USA Transportation Services, LLC.

| Auto # | Year | Trade Name | Body Type | Vehicle Identification | GVW | Premium | Added | Deleted |
|---|---|---|---|---|---|---|---|---|
| 21 | 1996 | Fruehauf | Trailer | 1H2P04828TW021201 (while attached to scheduled auto) | | | | |

(Exh. D).

29. Because the tractor operated by Bailey was deleted from the Policy prior to the collision and was not a covered "auto" at the time of the collision, the Moyano trailer does not qualify as a covered "auto" under the Policy, either.

30. Given that neither the Bailey tractor nor the Moyano trailer qualify as covered "autos" under the Policy, coverage does not exist for the claims asserted against them or against USA Transportation.

### B. "SCHEDULED VEHICLES ONLY" ENDORSEMENT

31. Even if coverage existed for the claims asserted against USA Transportation, Moyano, and Bailey, such coverage would be negated by the Policy endorsement entitled "Limitation of Coverage to Scheduled Vehicles Only," which provides as follows:

> This policy only provides liability coverage only [sic] for those specific vehicles identified on the schedule of vehicles, which schedule is part of the policy, either identified on the declaration page or the vehicle schedule, form GHI-10, by make, model, year and VIN. If the Named Insured operates or owns any other vehicles, including power units or trailers, which are associated with that Named Insured in the Federal Motor Carrier Safety Administration (FMCSA) Safety and Fitness Electronic Records System (SAFER), those vehicles are specifically excluded from coverage of any kind under this Trucker Liability policy unless and until those vehicles are scheduled by endorsement under this policy as covered scheduled vehicles and an additional premium is paid for that additional coverage.

(*Id*.).

32. Consequently, because neither the Bailey tractor nor the Moyano trailer were scheduled on the Policy, they are not covered "autos," and no coverage exists under the Global Hawk Policy for the claims involving those vehicles.

### C. "INSUREDS" UNDER THE POLICY

33. The Policy defines who qualifies as an insured as follows:

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto";

  **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow…

  **c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit…

(*Id.*)

  34. The Policy provides that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations." (*Id.*).

  35. USA Transportation, as the named insured, qualifies as an "insured" under the Policy but only as to covered "autos." Because neither the tractor nor the trailer operated by Bailey on the date in question qualify as covered "autos," USA Transportation is not an "insured" for the claims asserted against it.

  36. In addition, Bailey does not qualify as an "insured" because he was not operating a covered "auto" on the date in question.

  37. Finally, Moyano does not qualify as an "insured" because his trailer was not a scheduled vehicle given that it was not attached to a covered "auto" at the time of the collision pursuant to the above Policy provisions.

  38. Consequently, coverage does not exist for the claims asserted against USA Transportation, Bailey, or Moyano.

### D. PUNITIVE DAMAGES EXCLUSION

  39. Even if coverage otherwise existed for the claims asserted in the Petitions, there is an exclusion in the Policy that negates coverage for punitive damages as follows:

**PUNITIVE, EXEMPLARY AND EXTRA CONTRACTUAL DAMAGE EXCLUSION**

This policy is changed by adding the following exclusion:

> This policy does not insure against or provide indemnity for fines, penalties, exemplary or punitive damages or any other type or kind of judgment or award which does not compensate the party benefitting from the award or judgment for any actual loss or damage sustained.
>
> This exclusion applies to all coverages provided under this policy.

(*Id*.).

40. Consequently, coverage does not exist under the Policy for any punitive or exemplary damages awarded against Bailey, Moyano, or USA Transportation.

## III.     DECLARATIONS SOUGHT

### COUNT I

41. Global Hawk incorporates by reference paragraphs 1 through 41 above as if each were fully set forth at length herein.

42. Global Hawk has no duty to defend or indemnify Bailey, Moyano, or USA Transportation pursuant to the Truckers Coverage Form for the claims asserted against them.

43. Global Hawk would be required to defend or indemnify Bailey, Moyano, and USA Transportation pursuant to the Truckers Coverage Form only if the Petitions asserted claims against covered "autos" for which the Policy provides coverage. Neither of the vehicles, however, qualifies as a covered "auto."

44. In addition, pursuant to the "Scheduled Vehicles Only" endorsement referenced above, there is no coverage for the claims involving the Bailey tractor and Moyano trailer because the endorsement limits coverage only to those specifically covered "autos" under the Policy, and neither of these vehicles qualifies as a covered "auto."

45. Even if the Petitions asserted claims involving covered "autos," USA Transportation, Bailey, and Moyano do not qualify as "insureds" under the Policy in order to trigger a duty to defend or indemnify by Global Hawk.

**WHEREFORE**, Plaintiff Global Hawk respectfully requests that this Court enter a Judgment declaring that Global Hawk has no duty to defend or indemnify USA Transportation, Bailey, or Moyano for the claims asserted in the Petitions pursuant to the Truckers Coverage Form of the subject Policy.

## COUNT II

46. Global Hawk incorporates by reference paragraphs 1 through 46 above as if each were fully set forth at length herein.

47. Even if coverage exists under the Policy, Global Hawk has no duty to indemnify Bailey, Moyano, or USA Transportation for any punitive or exemplary damages recovered against them for any gross negligence claims pursuant to the exclusion contained within the Policy.

**WHEREFORE**, Global Hawk respectfully requests that this Court enter a Judgment declaring that Global Hawk has no duty to indemnify Bailey, Moyano, or USA Transportation for any punitive or exemplary damages awarded against them pursuant to the Policy exclusion.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN, PC**

By:   */s/ Donald A. Waltz*
      Donald A. Waltz
      State Bar No. 24048061
      Ashley Veitenheimer
      State Bar No. 24053356
      3700 Thanksgiving Tower
      1601 Elm Street
      Dallas, Texas  75201
      Phone: 214.777.4200
      Fax:  24.777.4299
      dwaltz@krcl.com
      aveitenheimer@krcl.com

**ATTORNEYS FOR PLAINTIFF GLOBAL HAWK INSURANCE COMPANY (RRG)**